IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

MARY BETH CORBETT,

    Plaintiff,

v.

DRH CAMBRIDGE HOMES, INC. and
D.R. HORTON, INC.,

    Defendants.

Case No. 04 C 3344

Hon. Harry D. Leinenweber

## MEMORANDUM OPINION AND ORDER

Plaintiff Mary Beth Corbett (hereinafter, "Plaintiff") filed this Title VII sex discrimination and retaliation suit against Defendants D.R. Horton, Inc. and DRH Cambridge Homes (hereafter, "Defendants"). Before the Court is the Defendants' Motion to Dismiss and Compel Arbitration (the "Motion").

### I. BACKGROUND

The following relevant facts are taken in the light most favorable to Plaintiff, with any conflicting pleadings resolved in her favor.

From January 1999 through March 28, 2003, Plaintiff was a Regional Sales Manager for DRH Cambridge Homes, a wholly-owned subsidiary of D.R. Horton. When Plaintiff began her employment, she was required to sign an "Acknowledgment of Understanding Personnel Policy," which included an agreement to arbitrate all

disputes. Plaintiff signed the document on January 19, 1999, which stated:

> In the event there is any dispute arising out of your employment . . . or the termination thereof . . . regardless of the kind or type of dispute, you and D.R. Horton, Inc. agree to submit all such disputes exclusively to final and binding arbitration pursuant to the provision of the Federal Arbitration Act. . . . Any failure to request arbitration timely shall constitute waiver of all rights to raise any claims in any forum arising out of any dispute that was subject to arbitration.

Plaintiff also signed agreements with the same arbitration language on June 1, 2000 and January 16, 2001, when she received new copies of D.R. Horton's personnel guidelines.

On March 28, 2003, Defendants terminated Plaintiff. Less than two weeks later, Plaintiff requested a copy of her personnel files. On November 19, 2003, Plaintiff filed an EEOC charge against Defendants alleging sex discrimination and retaliation. The EEOC issued a Notice of Right to Sue Letter on February 10, 2004.

On May 11, 2004, Plaintiff filed the instant complaint alleging that Defendants paid Plaintiff's male counterparts more than her and strictly enforced the company's bonus policy against her but not her male counterparts. On August 11, 2004, Defendants filed an answer and raised four affirmative defenses. However, Defendants did not raise the parties' arbitration agreement as an affirmative defense. Defendants filed the pending Motion on April 6, 2005.

## II. **STANDARD**

The Federal Arbitration Act (the "FAA") provides that arbitration agreements "shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or equity for the revocation of any contract." 9 U.S.C. § 2 (2005). The FAA "manifest[s] a 'liberal federal policy favoring arbitration agreements.'" *EEOC v. Waffle House, Inc.*, 534 U.S. 279, 289 (2002) (citations omitted). The Seventh Circuit has held that Title VII claims "can be subjected to compulsory arbitration." *Bauer v. Morton's of Chicago*, 99 C 5996, 2000 WL 149287, at *3 (N.D. Ill. Feb. 9, 2000); *see also Michalski v. Circuit City Stores, Inc.*, 177 F.3d 634, 635-36 (7th Cir. 1999). The party resisting arbitration bears the burden of proving that the claim is unsuitable for an arbitration forum. *Green Tree Fin. Corp.-Ala. v. Randolph*, 531 U.S. 79, 91-92 (2000).

## III. **DISCUSSION**

Defendants argue that the Court should compel arbitration and dismiss Plaintiff's complaint because Plaintiff signed several arbitration agreements. Plaintiff responds that she is not required to arbitrate her claim because: (1) the arbitration agreement is invalid; (2) Defendants have waived the right to arbitrate; and (3) DRH Cambridge is not a party to the arbitration agreement.

## A. Validity of the Arbitration Agreement

In determining whether a valid arbitration agreement exists between the parties, a federal court looks to the state law governing contract formation. See 9 U.S.C. § 2. Since all the events underlying this employment dispute took place in Illinois, the Court applies Illinois contract law.

Plaintiff argues that the arbitration agreement is illusory and failed to create a legally-binding agreement to arbitrate. She also contends that it is not supported by adequate consideration. Plaintiff cites to the fact that the document reserves to Defendants the right to alter, modify, amend or terminate any benefits or provisions of any plans, and stipulates that the document does not create a contract of employment or legal document. This argument is unpersuasive because the cited language clearly applies to the policies set forth in the employee handbook, and not to the parties' obligation to arbitrate disputes.

To the contrary, the arbitration language itself supports a finding of sufficient consideration because it binds both parties to arbitrate their disputes. See Michalski, 177 F.3d at 637)(holding that mutual promises to arbitrate constitute sufficient consideration). The provision at issue here provides that "you and D.R. Horton, Inc. agree to submit all such disputes exclusively to final and binding arbitration." Consideration exists even where the arbitration agreement is included with

another document. *See Matterhorn, Inc. v. NCR Corp.*, 763 F.2d 866, 869 (7th Cir. 1985)("If the agreement of one party to arbitrate . . . is fully supported by the other party's agreement to do likewise, there is no need to look elsewhere in the contract for consideration for the agreement to arbitrate"). Accordingly, the Court concludes that a valid arbitration agreement exists.

### B. Waiver

Plaintiff next asserts that even if there is a valid arbitration agreement, Defendants have waived the right to arbitrate by failing to raise it as a defense in a timely fashion. Defendants argue they did not waive the right to arbitrate and blame their failure to raise the arbitration issue earlier on Plaintiff's continued refusal to make herself available for deposition.

The preference for arbitration over litigation is not absolute wherever an arbitration agreement exists. *See St. Mary's Med. Ctr. of Evansville, Inc. v. Disco Aluminum Prods. Co.*, 969 F.2d 585, 587 (7th Cir. 1992). Arbitration is a contract right that may be waived expressly by a party or inferred by the Court. *See id.* The Court should not infer waiver lightly, *see Midwest Window Sys., Inc. v. Amcor Indus., Inc.*, 630 F.2d 535, 536 (7th Cir. 1980), and the party seeking to prove waiver bears a "heavy burden." *Ohio-Sealy Mattress Mfg. Co. v. Kaplan*, 712 F.2d 270, 273 (7th Cir. 1983). The implied waiver inquiry defies rigid rules and is fact-

sensitive. *See, e.g., Cabinetree of Wis., Inc. v. Kraftmaid Cabinetry*, 50 F.3d 388, 391 (7th Cir. 1995). The essential question the Court asks is "whether, based on the circumstances, the alleged defaulting party has acted inconsistently with its right to arbitrate." *Disco Aluminum*, 969 F.2d at 588. Defendants are required to "raise all affirmative defenses that will defeat the allegations in the complaint in a responsive pleading. . . . [I]f a defendant does not raise defenses at the time of filing an answer, those defenses are deemed waived." *Castro v. Chicago Hous. Auth.*, 360 F.3d 721, 735 (7th Cir. 2004).

Here, Defendants failed to raise the parties' arbitration agreement as an affirmative defense in their answer. Instead, they actively pursued litigation from August 11, 2004, when they filed their answer, until March 24, 2005, when they notified Plaintiff that they planned to seek enforcement of the arbitration agreement. During these seven months, Defendants appeared before the Court, attended status hearings, sought discovery from Plaintiff, and obtained a favorable ruling from the Court. Defendants also declined to make an arbitration demand in connection with Plaintiff's EEOC charge. Defendants never mentioned or acknowledged the arbitration agreement until two days after Plaintiff's March 2005 deposition, wherein Plaintiff acknowledged that she had signed several arbitration agreements. This behavior indicates that Defendants intended to pursue the litigation

process. *See Cabinetree*, 50 F.3d at 391 (finding defendant waived its right to arbitration by proceeding to discovery and preparing for trial).

The Court notes that there are certain circumstances where it may be appropriate for a party seeking arbitration to conduct discovery or otherwise pursue litigation before making a motion to compel arbitration. For instance, despite two years of litigation in *Sweater Bee by Banff, Ltd. v. Manhattan Industries, Inc.*, 754 F.2d 457 (2d Cir. 1985), the court found no waiver in part because plaintiff's complex suit presented a mix of arbitrable and non-arbitrable issues that required sorting out before a motion to compel was feasible. Plaintiff's Title VII claim, by contrast, does not present complicated questions that might justify Defendants' delayed invocation of an arbitration affirmative defense. Neither side has disputed whether the agreement covers Plaintiff's federal claims.

Simply put, Defendants' delay is inexcusable. Defendants should have been aware of their arbitration agreement with Plaintiff from the onset of the litigation. Nothing prevented Defendants from examining their own employee handbook, documents, or personnel files. The language is not novel and all of Defendants' employees are also required to sign a comparable arbitration agreements. The arbitrable nature of Plaintiff's claims coupled with Defendants' litigation-directed conduct favors inferring waiver.

Finally, the Court concludes that Plaintiff would be unduly prejudiced by Defendants' belated assertion of an arbitration defense. By shelving the demand for arbitration for many months, Defendants were able to obtain discovery that they might not have been able to obtain in an FAA proceeding. *See* 9 U.S.C. § 7. Plaintiff expended time and resources litigating her claim. Given Defendants' actions prior to filing the Motion as well as the resultant prejudice to Plaintiff, the Court holds that Defendants have waived their arbitration defense. Accordingly, the Court denies Defendants' Motion.

Plaintiff additionally argues that DRH Cambridge may not seek enforcement of the arbitration agreement, even if valid, because it is not a signatory to the agreement. Based upon the Court's finding of waiver, this issue is moot and need not be addressed.

### IV. CONCLUSION

For the reasons stated herein and because the Court infers that Defendants have waived the right to arbitrate Plaintiff's claims, the Defendants' Motion to Dismiss and Compel Arbitration is **DENIED**.

**IT IS SO ORDERED.**

_____
Harry D. Leinenweber, Judge
United States District Court

Dated: July 26, 2005